**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

      Plaintiff,

  -vs-

**Case No. 08-CV-257**
**02-CR-199**

**THOMAS P. VITRANO,**

      Movant.

## DECISION AND ORDER

The movant, Thomas Vitrano ("Vitrano"), was sentenced to a term of 360 months under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). On March 20, 2008, Vitrano filed a motion for relief under 28 U.S.C. § 2255. The Court allowed Vitrano to proceed on his claim that he located the original discharge certificate for one of the qualifying predicate offenses under § 924(e)(1). The Court also allowed Vitrano to proceed on his ineffective assistance of counsel claims. The government responded to these claims on May 15, 2009. The crux of the government's opposition is that the alleged discharge certificate is a fake. Accordingly, on June 2, 2009, Vitrano was indicted and charged with perjury and obstruction of justice in connection with the instant § 2255 motion. *United States v. Vitrano*, Case No. 09-CR-140 (LA). The Court stayed further briefing and held the § 2255 action in abeyance pending resolution of the criminal case.

On or about December 4, 2009, Judge Adelman adjourned the criminal case and asked the undersigned to proceed on Vitrano's motion. Case No. 09-CR-140, D. 20. On December

15, the Court invited Vitrano to file a reply in support of his § 2255 motion. Instead of filing a reply in support of his original claims, Vitrano requested leave to file an amended motion. In the proposed amended motion, Vitrano abandons his original claims and brings an entirely new claim. Vitrano now asserts that his previous convictions for escape and reckless endangerment do not qualify as predicate offenses under § 924(e). The Court cannot allow this amendment because the amended motion is "second or successive" in relation to the original motion filed in this case. § 2255(h) (a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . .").

Aside from the "paradigm" case (prisoner files, loses, then re-files), identifying a "second or successive" motion is a slippery concept. *See Johnson v. United States*, 196 F.3d 802, 804 (7th Cir. 1999). In *Felder v. McVicar*, 113 F.3d 696 (7th Cir. 1997), the court held that a habeas petitioner "cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits." *Felder* at 698. Accordingly, when a habeas applicant moves to voluntarily dismiss his petition "in the face of looming defeat, that proceeding counts because the prisoner had an opportunity for a decision." *Johnson* at 804. Vitrano did not formally withdraw his motion, but he abandoned his original claims, so the effect is the same as a voluntary withdrawal. Vitrano argues that he does not concede defeat, but he stops short of saying that he doesn't concede defeat on his original claims, and that's really the important point under *Felder*. The government's response establishes conclusively that Vitrano's discharge certificate is fake. After being confronted with the government's

-2-

evidence, it's hard to imagine how Vitrano saw anything but looming defeat on his original claims. Vitrano's amended motion is an unauthorized successive application.

Vitrano relies upon *Garrett v. United States*, 178 F.3d 940 (7th Cir. 1998), where a § 2255 movant acting without the assistance of counsel voluntarily withdrew two motions (one after receiving the government's response). Unlike in *Felder*, the movant in *Garrett* did not concede defeat. Instead, he "sought to dismiss both of his motions so that he could further craft them upon obtaining better legal assistance." 178 F.3d at 942. *Garrett* is distinguishable because Vitrano does not want to "further craft" his original claims. He completely abandoned those claims. The inference is clear. Vitrano concedes defeat on his original claims.

It could also be argued that *Felder* is distinguishable because Vitrano is avoiding further incrimination in the ongoing criminal proceedings. If Vitrano considered his original claims meritorious (that is, the claims that relate to the discharge certificate), he would not fear the consequences of pursuing those claims because the only way they have any merit is if the discharge certificate is genuine. By completely abandoning all of his original claims, Vitrano makes clear that there is merit to the government's proof that he forged the alleged discharge certificate. Vitrano sensed looming defeat *and* he feared further incrimination. The holding in *Felder* applies to the instant case.

The government contends that Vitrano's claims in his original motion are now ripe for adjudication. However, following the logic of *Felder*, Vitrano's original claims are no longer before the Court for consideration because he signaled his intent to voluntarily dismiss

them. Another way to construe Vitrano's motion to amend is that he concedes the insufficiency of his original claims. Either way, Vitrano's original claims can be dismissed without discussion.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Vitrano's motion to amend [D. 27] is **DENIED**; and

2. This matter is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 1st day of April, 2010.

        **SO ORDERED,**

        *s/ Rudolph T. Randa*
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**