**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

Plaintiff,

-vs-

Case No. 08-CV-257
02-CR-199

**THOMAS P. VITRANO,**

Movant.

## DECISION AND ORDER

Thomas Vitrano brought this action under 28 U.S.C. § 2255, alleging that he should not have been sentenced under the Armed Career Criminal Act ("ACCA") because his civil rights were restored for a conviction that served as one of his ACCA predicates. In response, the government produced evidence that the discharge certificate provided by Vitrano was "provably fake." Vitrano then attempted to amend his motion with entirely new claims for relief. In April of 2010, the Court found that Vitrano's amended motion was successive to his original motion because even though he did not formally withdraw the original motion, the amendment signaled Vitrano's intent to abandon his original claims in the face of looming defeat. *United States v. Vitrano*, No. 08-CV-257, 2010 WL 1375208 (E.D. Wis. April 1, 2010) (citing *Felder v. McVicar*, 113 F.3d 696 (7th Cir. 1997)); D. 32.

On appeal, the Seventh Circuit held that while it was not "without reservations about the premises of Vitrano's § 2255 motion, . . . the district court erred by not allowing the proceedings to run their course before deeming a subsequent filing 'second or successive.'"

*Vitrano v. United States*, 643 F.3d 229, 230 (7th Cir. 2011). Thus, the Seventh Circuit remanded for "consideration of Vitrano's motion to amend and any further proceedings required as a consequence of that decision, such as adjudication of the merits of his original or amended § 2255 motion." *Id.* at 235.

Pursuant to the remand, the Court requested further briefing from the parties on Vitrano's motion to amend. Vitrano argues that the government waived all arguments except for the "second or successive" argument that it presented in the prior district court proceedings. *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("parties cannot use the accident of remand as an opportunity to reopen waived issues"). Vitrano misconstrues the mandate of the Seventh Circuit, which is for the Court to evaluate whether leave to amend should be granted in the first instance. *United States v. White*, 406 F.3d 827, 831 (7th Cir. 2005) ("The scope of a district court's power on remand is determined by the language of the order of remand"). Accordingly, the government's purported waiver is irrelevant.

District courts should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend can be denied on a variety of grounds, including, as relevant here, bad faith and dilatory motive. *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). By abandoning the claims in his original motion, Vitrano's amendment is an attempt to chart an entirely different course in the face of evidence that his original claims are without merit. This was a clumsy strategy – "game play," as suggested by the Seventh Circuit, *Vitrano* at 234 – meant to evade the limitation on second or successive motions. In other words, Vitrano's amendment is an effort to avoid an adjudication on the

merits of his initial claims, thereby obtaining a "tactical advantage in the face of impending defeat." *Garrett v. United States*, 178 F.3d 940, 943 (7th Cir. 1999). The Court will allow Vitrano a period of time to make his "next move" in response to the denial of his motion for leave to amend. *Vitrano* at 234.

**IT IS HEREBY ORDERED THAT** Vitrano's motion to amend [D. 27] is **DENIED**. On or before **January 6, 2012**, Vitrano can either (1) file a reply brief in further support of his original motion, or (2) move to voluntarily dismiss this case. If Vitrano files a reply or does nothing, the Court will proceed to issue a ruling on the merits of the claims in his original motion.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**